UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GBSM SERVICE AND MANAGEMENT LLC and BLUDWORTH MARINE LLC,<br><br>       Plaintiffs,<br><br>vs.<br><br>RCM 245, her tackle, furniture, apparel, appurtenance, etc., *in rem*; TUG REBEKAH ROSE, her tackle, furniture, apparel, appurtenances, etc., *in rem;* and ROSE CAY MARITIME, LLC, *in personam,*<br><br>       Defendants. | NO. 1:23-CV-00190-MAC<br><br>ADMIRALTY |

## COMPLAINANTS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Complainants, GBSM Service and Management LLC ("GBSM") and Bludworth Marine LLC ("Bludworth") (collectively "Complainants") request leave of court to file their amended complaint.

1. Complainants sued defendants pursuant to the Federal Maritime Lien Act for services rendered and moneys owed in Texas.

2. Complainants verified complaint ('the Complaint") was filed on **May 16, 2023**. Defendants answered on **July 12, 2023**. Complainants seek leave to amend the Complaint because more than 21 days have passed since defendants served their answers and they will not consent to the amendment.

3. Complainants seek to amend their verified complaint to add a *Suit on Account* pursuant to *Tex. R. Civ. P.* 185.

1

4. Unless defendants can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading.[1] Leave should be given when justice so requires.[2]

5. The Court should allow the filing of the amended complaint because defendants will not be prejudiced by the amended pleading.[3] The only modification shall be complainants' claim for recovery of legal fees.

6. The Court should allow the filing of the amended complaint because Complainants are not guilty of undue delay.[4] They are diligently moving to amend as soon as it became apparent that such was necessary.[5] It only became apparent after settlement negotiations that defendants' overt strategy is to punish complainants for seeking collection of moneys owed for services rendered through the expenditure of exorbitant legal fees.

7. The Court should allow the filing of the amended complaint because defendants will not be prejudiced by delay due to the amended complaint.[6] Only three ('3") depositions have been taken to date and two were adjourned for recommencement. There is simply no undue delay and/or a timeliness issue.

8. The Court should allow the filing of the amended complaint because it will not be substantially burdened by the amended complaint.[7] There is no dilatoriness or imposition of undue burden on the Court as the state (pendant)

---

[1] *Foman v Davis, 371 U.S. 178, 182 (1962)*; see *Runnion v Girl Scouts of Greater Chi & Nw. Ind., 786 F.3d 510, 519-520 (7th Cir. 2015)*.

[2] . Fed. R. Civ. P. 15(a)(2); Foman, 371 U.S. at 182; *C.F. v Capistrano Unified Sch. Dist., 654 F.3d 975 985 (9th Cir.) 2011*.

[3] *Pasternack v Shrader, 863 F.3d 162, 174 (2d Cir 2017); Klunder v Brown Univ., 778 F.3d 24, 34-35 (1st Cir. 2015); Scott v Family Dollar Stores, Inc. 733 F.3d 105, 118-119 (4th Cir. 2013)*.

[4] *Scott v Family Dollar Stores, Inc. 733 F.3d 105, 117-118 (4th Cir. 2013)*.

[5] See *Arreola v Godinez, 546 F. 3d 788, 795-796 (7th Cir. 2008); Auster Oil & Gas, Inc. v Stream, 764 F.2d 381, 391 (5th Cir 1985)*.

[6] *Pasternack v Shrader, 863 F.3d 162, 174 (2d Cir 2017); Auster Oil & Gas, Inc. v Stream, 764 F.2d 381, 391 (5th Cir 1985)*.

[7] See *Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004)*.

cause of action is predicated on the same underlying facts and does not fundamentally alter the nature of the case.

9. The Court should allow the filing of the amended complaint because complainants are not guilty of bad faith.[8] As the United States Supreme Court has stated:

   > The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.[9]

10. The Court should allow the filing of the amended complaint because the amendment is not futile.[10] The underlying facts and circumstances are a proper subject of relief.

11. Finally, the General Maritime Law is silent on the subject matter of the amended complaint and therefore there is no conflict between maritime law and state law.

12. Complainants are filing their amended complaint as Exhibit A attached with their motion and memorandum.

13. As the United States Supreme Court has stated: "Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded." In this matter, it is respectfully represented to the Court that justice requires this amendment.

14. For the reasons expressed above, Complainants ask the Court to grant leave to file their amended complaint.

---

[8] *Foman v Davis, 371 U.S. 178, 182 (1962).*

[9] *Id.*

[10] *Id.*

Respectfully submitted,

**KILLEEN & STERN, PC**

*/s/ Robert J. Killeen Jr.*
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Telephone: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 19th day of March 2024, that the foregoing pleading was filed with the Clerk of Court and served to all known parties by using the Court's CM/ECF system.

                                        */s/Robert J. Killeen Jr.*_____
                                        Robert J. Killeen Jr