UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

GBSM SERVICE AND
MANAGEMENT LLC and
BLUDWORTH MARINE LLC,

                    Plaintiffs,

vs.

RCM 245, her tackle, furniture,
apparel, appurtenance, etc., *in rem*;
TUG REBEKAH ROSE, her tackle,
furniture, apparel, appurtenances,
etc., *in rem;* and ROSE CAY
MARITIME, LLC, *in personam,*

                    Defendants.

NO. 1:23-CV-00190-MAC

ADMIRALTY

### GBSM SERVICE AND MANAGEMENT LLC'S MOTION TO COMPEL ROSE CAY MARITIME, LLC'S DISCOVERY RESPONCES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Plaintiff, GBSM Service and Management LLC asks the Court to compel Defendant, Rose Cay Maritime, LLC to file responses to GBSM's discovery requests and produce unredacted copies of financial documents subject to a protective order.

### A. INTRODUCTION

1. Plaintiff is GBSM Service and Management LLC. ("GBSM"); Defendant is

1

Rose Cay Maritime, LLC. (RCM).

2. GBSM sued Defendant for monies owed with services admitted performed, and even a dollar to date has been paid on the invoiced $421,596.05.

3. On **August 17, 2023**, GBSM served its initial requests for production on RCM. **On September 20, 2023**, RCM served objections and responses to the discovery. Several of these GBSM requests satisfy obtaining RCM's bill.com software documents and were not provided. An example is as follows:

> **REQUEST NO. 1:** All communications, correspondence, memoranda, messages, reports, records, documents, logs, invoices, receipts, or agreements that relate in any way to services rendered to the Vessels by Petitioner from January 8, 2023 until February 9, 2023.
>
> **OBJECTION:** Defendant objects to this Request as overbroad and unduly burdensome.
> Defendant further objects to this Request on the basis that it seeks documents and information that are accessible to Plaintiff from Plaintiff's own files.
>
> **RESPONSE:** Subject to and without waiver of the foregoing objections, Defendant has performed a good faith search of its records for all responsive materials. *See* documents bearing bates numbers RCM 0001 – 2032, which are being produced consistent with how the files were maintained in the ordinary course of business.

4. Because RCM's objections are improper, the Court should compel RCM to properly respond to the discovery request and produce all their bill.com records relating to GBSM and Bludworth. None were produced after this initial request and to date.

5. Regardless, on **February 14, 2024**, a First Set of Requests for admissions and a Supplemental Requests for Documents was sent to RCM. On **March 15,**

2024, RCM responded as follows, *inter alia*:

> **REQUEST FOR ADMISSION NO 14**: Admit or deny that you hired GBSM to perform work with RCM 245 after she arrived in Galveston.
>
> **RESPONSE**: Admit.
>
> **REQUEST FOR PRODUCTION NO. 7**: Please produce all documentation in your possession regarding your response to Request for Admission No.14.
>
> **RESPONSE**: All documents related to the vessel and the services to be performed at Galveston have been previously produced. Please see prior production.

6. Having not been paid a dollar, as the CEO of RCM, Alex Parker, boasted he would do, on **May 24, 2024,** GBSM sent a third request for documents, entitled, "Second Requests for Production of Documents and Second Set of Requests for Admissions. The following five ("5") requests and responses were received on **June 24, 2024**:

> **REQUEST FOR PRODUCTION NO. 1**: All communications, correspondence, memoranda, messages, reports, records, documents, logs, invoices, receipts, or agreements that relate in any way to services rendered to the Vessels by Petitioner, GBSM, in January 2023, and February 2023, in the **BILL <account-services@hq.bill.com** system used by Rose Cay.
>
> **RESPONSE:** Defendant has no additional documents in its possession, custody, or control responsive to this request. All responsive items have previously been produced in response to prior requests for production.
>
> **REQUEST FOR PRODUCTION NO. 2**: All communications, correspondence, memoranda, messages, reports, records, documents, logs, invoices, receipts, or agreements that list, itemize, or otherwise indicate or describe in detail the specific services rendered and/or work performed on the Vessels and the specific dollar amount charged by Plaintiff for each service, task, or other item work for each day in January 2023 and February 2023 in the **BILL <account-services @hq.bill.com** system used by Rose Cay.

**RESPONSE:** Defendant has no additional documents in its possession, custody, or control responsive to this request. All responsive items have previously been produced in response to prior requests for production.

**REQUEST FOR PRODUCTION NO. 3:** All communications, correspondence, memoranda, messages, reports, records, documents, logs, invoices, receipts, and/or *approvals* of work performed by GBSM from January 1, 2023, until the present which relate in any way to the services rendered to the Vessels by Petitioner in Galveston in the **BILL <account-services@hq.bill.com** system used by Rose Cay.

**RESPONSE:** No documents responsive to this request have been identified and none are believed to exist.

**REQUEST FOR PRODUCTION NO. 4:** All communications, correspondence, memoranda, messages, reports, records, documents, logs, invoices, receipts, or agreements which identify all representatives, agents, and/or employees of Petitioner that approved Petitioner, GBSM's work for Rose Cay Maritime, LLC from January 1, 2023, until the present in the **BILL <account-services @hq.bill.com** system used by Rose Cay.

**RESPONSE:** No documents responsive to this request have been identified and none are believed to exist.

**REQUEST FOR PRODUCTION NO 6:** All documentation from RCM's billing program indicating reviews, approvals and/or rejections of all GBSM invoices submitted during 2023.

**RESPONSE:** Defendant is procuring copies of the internal Bill.com system and will supplement this response with copies of same.

## B. ARGUMENT

7. GBSM conferred with RCM in a good faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(1) and as shown in the attached certificate of conference. During the conference, the parties discussed the bill.com documents, redactions, the Valero documents for returning jet fuel for a credit. However, the parties were unable

to resolve the dispute.

8. Discovery may be obtained about any matter that is not privileged and that is both relevant to any party's claim or defense and proportional to the needs of the case. Fed.R.Civ.P.26(b)(1).

9. A court may compel responses to discovery if (1) a deponent did not answer a question asked under Federal Rule of Civil Procedure 30 or 31, (2) a corporation or other entity did not designate an organizational representative under Rule 30(b)(6) or 31(a)(4), (3) a party did not answer an interrogatory submitted under Rule 33, or (4) a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

10. This Court should grant GBSM's motion to compel for the following reasons:

    a. RCM did not fully respond to multiple requests for billing records, regarding the processing and approval of GBSM's invoices. Fed. R. Civ. P. 37(a)(3)(B)(iv); see R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 18-19 (1st Cir. 1991). RCM's responses originally did not produce copies of the documents or electronically stored information. Fed. R. Civ. P. 37(a)(3)(B)(iv). These requests are within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case because this is a dispute about non-payment, and upon information and belief, three ("3") individuals

employed by RCM approved GBSM's invoices:

**REQUEST FOR ADMISSION NO. 5:** Admit that Oscar Balderas approved all Invoices submitted by GBSM regarding services it rendered to RCM 245 at Bludworth Marine in January 2023.

**RESPONSE**: DENIED. Full copies of the Invoices and Supporting Materials were not even received from GBSM until after Mr. Balderas was no longer employed by Defendant. Accordingly, he did not "approve all Invoices submitted by GBSM." In addition, Mr. Balderas did not have approval authority for charges incurred without a contract or purchase order in place.

**REQUEST FOR ADMISSION NO. 8:** Admit that Mary LaFemina of RCM approved GBSM invoice 13254.

**RESPONSE:** DENIED AS WRITTEN. Ms. LaFemina completed the ministerial task of approving the invoice paperwork into the Bill.com system but did not have responsibility for "approval" of the invoice, the work performed, or the charges presented.

**REQUEST FOR ADMISSION NO. 9:** Admit that Adam Schneiderman of RCM approved GBSM invoice 13254.

**RESPONSE:** DENIED AS WRITTEN. As Mr. Wilson testified, Mr. Schneiderman was part of the Bill.com approval process for the payment of bills, specifically he was to "confirm[s] that it [the invoice] matches the purchase order that he issued." Tr., 150:7-151:21. He did not have responsibility for "approval" of the invoice, the work performed, or the charges presented.

b. RCM gave an incomplete/evasive response regarding information requested in response to GBSM's third request specifically asking for bill.com documents, by stating: Defendant is procuring copies of the internal Bill.com system and will supplement this response with copies of same. Fed. R. Civ. P. 37(a)(4). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case because multiple individuals approved

GBSM's invoices, but the RCM corporate representative testified as follows under oath:

> Q.  Well, explain to the Court what this means from Rose Cay's perspective on January 19th, approximately 15 days after the vessel arrived at Pier 41:  The solution was that they, GBSM, would get this done, would pump it into a truck and return it to Valero.
> So, what I'm asking is -- I'm not asking about the amount.  I'm asking is it Rose Cay's position that those services rendered were not approved?
> MR. SPARKMAN:  Objection, form.
> A.  *The function was approved, and the cost was not.*[1]

c.  RCM asserted that the information responsive to GBSM's request is not discoverable because of the specious objections below from September 2023:

**REQUEST NO. 17:** Any and all other documents relied upon or referenced in disputing Petitioner's Invoices GM13254; GM13261; GM13268; and GM 13263.

**OBJECTION:** Defendant objects to this Request as overbroad and unduly burdensome.
Defendant further objects to this Request on the basis that it seeks documents and information that are accessible to Plaintiff from Plaintiff's own files.

**RESPONSE:** Subject to and without waiver of the foregoing objections, Defendant has performed a good faith search of its records for all responsive materials. *See* documents bearing bates numbers RCM 0001 – 2032, which are being produced consistent with how the files were maintained in the ordinary course of business.

These same "type" objections were maintained in November 2023.

---

[1] RCM corporate deposition, pg.96, ln 19 to pg. 97, ln. 6.

**REQUEST FOR ADMISSION NO. 18:** Amit that RCM took an offset to revenue regarding the cargo pumped off the RCM 245 and trucked back to Valero.

**RESPONSE:** OBJECTION. The RFA is vague, ambiguous, and not capable of being admitted or denied as written.

These requests are within the scope of discovery permitted by Rule 26(b). The information responsive to these requests is necessary to this case because RCM is apparently taking the following positions: 1) Despite wires being set up and payment scheduled on work admitted performed, neither GBSM nor Bludworth were paid; 2) RCM claims GBSM's invoicing was exorbitant when the only document produced to date indicates a member of the RCM team stating the GBSM invoicing was reasonable and/or within industry standards; and c) RCM is refusing to pay GBSM, which had Valero's jet fuel returned for the benefit of RCM, yet RCM is refusing to provide what financial credit, offset and/or benefit it received. No documents regarding "this" have been produced.

11. Finally, RCM has refused to produce unredacted copies of monies owed to other third parties during the time period of February to March 2023.[2] Despite GBSM offering to enter into a Protective Order, RCM still refuses. Upon

---

[2] See Ex. A. RCM bates stamped documents 000406 to 000409.

information and belief, GBSM was not paid along with Bludworth and other third-party vendors during this time period in part because RCM had significant outstanding debt.

12. GBSM asks the Court to order RCM to pay reasonable expenses, including attorney fees, for its refusal to comply with these discovery requests. Fed. R. Civ. P. 37(a)(5)(A).

## C. CONCLUSION

13. Because GBSM Service and Management LLC's requests are proper and because Rose Cay Maritime, LLC has refused to comply with the rules, since September 2023, the Court should compel Rose Cay Maritime, LLC to respond and produce all bill.com documents along with any emails, text messages and/or internal communicating system used by Rose Cay Maritime, LLC associated with bill.com regarding GBSM and Bludworth.

14. Because GBSM Service and Management LLC's requests are proper and because Rose Cay Maritime, LLC has refused to comply with the rules, since September 2023, the Court should compel Rose Cay Maritime, LLC to respond and produce all documents and any emails, text messages and/or internal communicating system used by Rose Cay Maritime, LLC associated with the return of jet fuel to Valero and the monetary offset and/or credit

received.

15. Because GBSM Service and Management LLC's request for unredacted documents reflecting moneys owed by RCM to third party vendors from February 2023 through April 2023 is proper, and GBSM offered to enter into a protective order and Rose Cay Maritime, LLC still refuses to comply with the rules and produce these unredacted documents, the Court should compel Rose Cay Maritime, LLC to respond to produce all documents depicting the RCM monetary amounts owed during February, March and April 2023, subject to a standard Federal Protective Order.

Respectfully submitted,

**KILLEEN & STERN, PC**

*/s/ Robert J. Killeen Jr.*
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Telephone: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANTS**

## CERTIFICATE OF CONFERENCE

I do hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h), both on the telephone and via email, and the parties were unable to resolve these disputes. This motion is opposed.

*/s/Robert J. Killeen Jr.*
Robert J. Killeen Jr

## CERTIFICATE OF SERVICE

I do hereby certify that on the 11th day of July 2024, that the foregoing pleading was filed with the Clerk of Court and served to all known parties by using the Court's CM/ECF system.

*/s/Robert J. Killeen Jr.*
Robert J. Killeen Jr