UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC**<br><br>Complainants,<br><br>v.<br><br>**ROSE CAY MARITIME, LLC,** *in personam*; **RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC.,** *in rem*; and **TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC.,** *in rem*<br><br>Claimants. | NO. 1:23-CV-00190-MAC-ZJH<br>ADMIRALITY |

## COMPLAINANTS' MEMORANDUM REGARDING RCM'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE REGARDING BATES-STAMP DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, come Complainant, GBSM Service and Management LLC ("GBSM" or "Complainant") and respectfully requests the court rule against RCM's claims of attorney-client privilege regarding bates stamped documents, which includes but is not limited to Petitioners 000343 to 000350.[1]

1) "The attorney-client privilege limits the normally broad disclosure requirements of Federal Rule of Civil Procedure 26 . . . ." [2]

2) For a communication to be protected under the privilege, the proponent "must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary

---

[1] Ex. A.

[2] *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 472 (E.D. Pa. 2005).

1

purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding."[3]

3) Determining the applicability of the privilege is a "highly fact-specific" inquiry, and the party asserting the privilege bears the burden of proof.[4]

4) There is no presumption that a company's communications with counsel are privileged.[5]

5) Thus "the mere existence of an attorney-client relationship or the mere exchange of information with an attorney does not give rise to a presumptive claim of privilege."[6]

6) "Communications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, [are not] privileged,"[7] nor are documents sent from one corporate officer to another merely because a copy is also sent to counsel.[8]

7) Courts have stated that simply describing a lawyer's advice as "legal," without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege.[9]

8) In *Exxon Mobil Corp. v. Hill,* the fifth circuit explained that where there is a mixed discussion of business and legal advice, courts should consider the "context...key," ultimately seeking to

---

[3] *United States v. Robinson,* 121 F.3d 971, 974 (5th Cir. 1997).

[4] *Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978)).

[5] *TVT Records v. Island Def Jam Music Grp.*, 214 F.R.D. 143, 148 (S.D.N.Y. 2003).

[6] *Varo, Inc. v. Litton Sys., Inc.*, 129 F.R.D. 139, 142 (N.D. Tex. 1989) (Fitzwater, J.).

[7] *Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*, 150 F.R.D. 193, 197 (D. Kan. 1993).

[8] *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. 03-1496, 2004 U.S. Dist. LEXIS 10197, 2004 WL 1299042, at *25 (E.D. La. June 4, 2004).

[9] *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("Calling the lawyer's advice 'legal' or 'business' advice does not help in reaching a conclusion; it is the conclusion.").

glean the "manifest purpose" of the communication.[10]

9) Moreover, although the attorney-client privilege serves an important purpose, it also impedes the full and free discovery of truth and therefore should be strictly construed.[11]

10) A review of the email string bates stamped RCM 000343 to 000350 confirms none of the string is privileged because they summarize salient business facts, and an attempt to gather facts about previous work performed on RCM 245 in Florida during 2022, that never resulted in litigation, was not gather in anticipation of litigation, yet is relevant to this matter. This email string essentially exclusively contains the thoughts by non-lawyer employees regarding next business steps. None of the emails provide or request legal advice. In fact, the emails do not even include information that is confidential. No legal advice is contained.

11) Additionally, the party asserting the attorney-client privilege, RCM, must prove that waiver by breach of confidentiality did not occur.[12]

12) Finally, any claim of attorney client privilege is implicitly waived under the current factual circumstances. RCM testified they were **not** under any financial duress in February, March and April 2023, but these bates stamped documents demonstrate otherwise. In the present factual scenario, RCM is abusing the privilege by asserting claims GBSM cannot adequately dispute unless it has access to these materials.[13] The party asserting the claim, RCM, is said to

---

[10] 751 F.3d 379, 382 (5th Cir. 2014).

[11] *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (Kaplan, J.) (citing *Perkins v. Gregg Cnty.*, Tex., 891 F. Supp. 361, 363 (E.D. Tex. 1995)); see also *In re Grand Jury Proceedings in re Fine,* 641 F.2d 199, 204 n.5 (5th Cir. Unit A Mar. 1981) ("[T]he attorney-client privilege should be confined within the narrowest limits consistent with its purpose.").

[12] *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

[13] *Bittaker v. Woodford,* 331 F.3d 715, 719 (9th Cir. 2003)

have implicitly waived the privilege.[14]

13) In the end, it is axiomatic that the attorney-client privilege "only protects disclosure of confidential communications between the client and attorney; it does not protect disclosure of underlying facts."[15] Here, the shield and sword are clearly being implemented against GBSM improperly.

Respectfully submitted,

**KILLEEN & ASSOCIATES, PC**

/s/ Robert J. Killeen, Jr.
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Telephone: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANTS**

# CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of December 2024, that the foregoing pleading was filed with the Clerk of Court and served to all known parties by using the Court's CM/ECF system.

/s/Robert J. Killeen, Jr.
Robert J. Killeen, Jr.

---

[14] *Id.*

[15] *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)