**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC, | § § § § | |
| Plaintiffs, | § § | NO. 1:23-cv-00190-MAC |
| v. | § § | ADMIRALTY |
| M/V RCM 245, her tackle, furniture, Apparel, appurtenances, etc., *in rem*, *et al.* | § § § | |
| Defendants. | § § | |

## DEFENDANTS' TRIAL MEMORANDUM ON CONSTESTED ISSUES OF LAW

COME NOW, Specially Appearing Defendants RCM 245 LLC and REBEKAH ROSE LLC, as claimants of the M/V RCM 245 and TUG REBEKAH ROSE, as well as Defendant Rose Cay Maritime, LLC, ("RCM") in personam, (collectively "Defendants") by and through undersigned counsel, and in accordance with this Honorable Court's Individual Practices submits this Trial Memorandum on Contested Issues of Law. For the sake of brevity, Defendants will not repeat all of the factual and legal issues in this matter, but provide a brief summary of the disputed legal issues for the Court's consideration.

### A. Plaintiff Has Failed to Establish All Required Elements for a Maritime Lien.

In order to establish a maritime lien for necessaries, a supplier must show (1) that the goods or services were "necessaries"; (2) *that the charges are reasonable in amount*; and, (3) that they were ordered by someone with the appropriate authority. *See Belcher Co. of Ala., Inc. v. M/V MARATHA MARINER*, 724 F.2d 1161, 1164 (5th Cir. 1984) (emphasis added) and *Farwest Steel Corp. v. Barge SEA SPAN 241*, 769 F.2d 620, 623 (9th Cir. 1985); *see also* CIMLA. No member of the Vessel's crew, shoreside personnel, or agents ever instructed GBSM to provide 24/7 standby service, round-the-clock trucking service, and/or any other emergency or rush application of the project for the period of January 15, 2023 – February 9, 2023. As such, those

services were undertaken by GBSM without authority of someone to bind the vessel, and for its own account, and no maritime lien attaches for those services. *Am. Oil Trading, Inc. v. M/V SAVA*, 47 F. Supp. 2d 348, 352 (E.D.N.Y. 1999) ("[L]ack of authority to order necessaries defeats a maritime lien.").

Plaintiff's invoices and charges for the work and services provided to the RCM 245 in excess of $421,000 were completely unreasonable. It is undisputed that the parties did not have a written contract, and other than an initial quote for removal and delivery of a quantum of cargo on January 8, 2024, there were no written quotes or prices provided by GBSM. Under the circumstances, and where there is no agreement on the "amount" to be charged, the reasonableness of the charges is measured by whether the charges are "customary," *Ex parte Easton*, 95 U.S. 68, 77, 24 L. Ed. 373 (1877) and "in accord with prevailing charges for the work done and the materials furnished," *Shelly Tractor & Equip. Co. v. The Oil Screw Boots*, 140 F. Supp. 425, 426 (E.D.N.C. 1956); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005).

To satisfy the "reasonableness" burden, Plaintiff must show that the amount charged is comparative to what other competitors would have charged for similar work or materials. *Id.*; *see also Crescent Ship Serv. v. M/V Mitera Vassiliki*, 1995 U.S. Dist. LEXIS 9130, No. 94-2391 (E.D. La. June 28, 1995); *Hampton Berm. Ltd. v. M/V Star Siranger,* 2008 U.S. Dist. LEXIS 32548, *12 (SDTX 2009). Plaintiff has not and cannot do so here. As will be more fully developed at trial by Defendants' expert witness Mr. Tony Panagiotareas, GBSM's charges were extreme and unreasonable for the nature and scope of the services to be performed. The failure to present evidence that the charges were reasonable, precludes recovery on plaintiff's maritime claim. *See TTT Stevedores of Tex., Inc. v. M/V Jagat Vijeta*, 696 F.2d 1135, 1141 (5th Cir. 1983).

2

The Court need look no further than Plaintiff's own evidence and records which conclusively establish that the rates charged by the companies that actually performed the work and services were less than half of the amount that GBSM is attempting to claim as a maritime lien in this case. Worse, Plaintiff refused to produce the back-ups and invoices demonstrating the actual costs for the removal of the cargo, water, and slops until more than a year after the work was performed and more than eleven (11) months after the commencement of this lawsuit. In short, the Plaintiff's charges, which were exorbitant, not authorized, unreasonable, not customary, and presented in GBSM's invoices in bad faith. Accordingly, Plaintiff's claim must fail, or in the alternative, be significantly reduced to the actual reasonable value of the limited service provided by GBSM. *TTT Stevedores of Tex., Inc. v. M/V Jagat Vijeta*, 696 F.2d 1135, 1141 (5th Cir. 1983); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005).

### B. Plaintiff is not Entitled to Attorneys Fees on its Maritime Lien Claim.

Attorneys' fees are not "necessaries" as defined by CIMLA and as such, Plaintiff is not entitled to recovery of its attorneys' fees. *Gulf Marine and Indus. Supplies, Inc. v. Golden Prince M/V*, 230 F.3d 178, 180-181 (5th Cir. 2000); *Bradford Marine, Inc, v. M/V SEA FALCON*, 64 F.3d 585 (11th Cir. 1995); *James Creek Marina v. VESSEL MY GIRLS*, 964 F. Supp. 20 (D.D.C. 1997); *see also J.P. Provos Maritime S.A*, 1999 U.S. Dist. LEXIS 12012, 1999 WL 558151 at *2 (EDLA 1999)("[T]he court finds that legal services for the collection of a debt for necessaries are not for the benefit of the vessel and thus they are not necessaries subject to a maritime lien."); *Inland Credit Corp. v. M/T Bow Egret*, 552 F.2d 1148, 1155 (5th Cir. 1977) (affirming the district court's decision that parties asserting maritime liens for necessaries could not receive attorneys' fees *in rem*).

In a case pending in admiralty, and in accordance with the general "American Rule" applied in admiralty cases, attorneys' fees are not awarded to the prevailing party as a matter of course. . . . Attorneys' fees are available to the prevailing party only under the following circumstances: (1) a federal statute governing the claim provides for them; (2) a contract provides for them; or (3) the party to be sanctioned has acted in bad faith. *Cianbro Corp. v. George H. Dean, Inc.*, 733 F. Supp.2d 191, 194 (D. Me. 2010) (citations and footnote omitted). None of the exceptions to the American Rule apply in this matter.

"Under admiralty law, a court has inherent power to assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 250 (1st Cir. 1985). Requiring proofs and back-ups for invoices and defending claims which are believed to be improper, excessive, and unauthorized does not rise to the high burden of bad faith. *See e.g., Madeja v. Olympic Packers*, 310 F.3d 628, 635 (9th Cir. 2002) (affirming district court decision to deny attorneys fees where an Owner defended against crew wage claims which were ultimately awarded); see also Utsch's Marina, Inc. v. Motor Vessel, 2011 U.S. Dist. LEXIS 4934, *5 (DNJ 2011)("Court finding that, although Defendant did not make proper payments or appear in this case, no evidence demonstrates the bad faith or vexatiousness necessary to warrant an award of attorney's fees and costs, expenses that are generally assumed by each respective party."); *see also Noritake Co. v. The M/V HELLENIC CHAMPION*, 627 F.2d 724, 730 (5th Cir. 1980); *Cantieri Navali Riuniti v. M/V SKYPTRON*, 802 F.2d 160, 165 (5th Cir. 1986).

### C.  Plaintiff Cannot prove its Suit on Sworn Account Claim.

The elements of a suit on an account require plaintiff to prove: (1) sale and delivery of the merchandise; (2) that the amount of the account is ***just***, that is, that prices charged are in

4

accordance with an express contract, if one exists, or in the absence of a contract, that the charges are usual, customary or reasonable; and (3) that the amount is unpaid. *Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563, 565 (Tex. Civ. App. - El Paso 1976, no writ); *see also Robbins Hardwood Flooring, Inc. v. Bolick Distributors, Corp.*, No. CIV. 3:02-CV-1124-H, 2003 U.S. Dist. LEXIS 4149, 2003 WL 21730142, at *2 (N.D. Tex. Mar. 18, 2003) *aff'd in part*, 79 F. App'x 81 (5th Cir. 2003) (*citing Burch v. Hancock*, 56 S.W.3d 257, 264 (Tex. App.--Tyler 2001, no pet.)) (reciting three elements for an "action on sworn account").

Plaintiff GBSM must show that the Defendant agreed to pay the prices charged by the Plaintiff for the material sold, or that the prices were reasonable or customary. *Parker v. Center Grocery Company*, 387 S.W.2d 903 (Tex.Civ.App. -- Tyler 1965, no writ). One of the essential elements of the proof is the ***justness*** of the account. This element can be shown in two ways: either that the prices charged were agreed upon by the parties, or, in the absence of an agreement, that the prices were usual, customary or reasonable. *Brooks v. Eaton Yale and Towne, Inc*., 474 S.W.2d 321 at 323 (Tex.Civ.App. -- Waco 1971, no writ). There was no agreement, written or oral, as to the prices charged by the Plaintiff in the GBSM invoices remitted to Defendants.  As set forth above, the prices charged were not reasonable, just, or customary, as evidenced by the fact that Plaintiff charged approximately double the amount of the actual costs in mark-up "arranger" fees compared to the invoicing and pricing provided by the eight (8) vendors that performed all of the work. Moreover, Plaintiff charged for work which was not requested, needed, customary, or reasonable under the facts and circumstances.  Accordingly, Plaintiff's claim for sworn account must be denied and dismissed.

### D. Plaintiff is not Entitled to attempt to recover Attorneys' Fees under a Texas State law claim to get around general rule prohibiting recovery of Attorneys' Fees under Maritime Law.

Under Texas State Law, to recover attorney's fees under section 38.001, a party must prevail on the underlying claim and recover damages. I*ntercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). "Whether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable." *Id.* at 655; *see also Farrar v. Hobby,* 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) ("In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). Where, as here, Plaintiff's Texas state law claim for suit on sworn account has been denied, because the charges presented were **not just**, Plaintiff is not permitted to recover attorney's fees under Texas Civil Practice and Remedies Code section 38.001.

Furthermore and in the alternative, this Court should also decline to permit Plaintiff to pursue its "artfully plead" statement on sworn account claim to try and avoid federal maritime law that generally prohibits the recovery of attorneys fees. In *Texas A&M Research Foundation v. Magna Transportation, Inc.*, the Fifth Circuit held that "the general rule of maritime law that parties bear their own costs, coupled with the need for uniformity in federal maritime law, precludes the application of state attorneys' fee statutes, such as [Tex. Civ Prac. & Rem. Code] § 38.001, to maritime contract disputes." *Id*., 338 F.3d 394 (5th Cir. 2003); *see also Viking Prospector, Inc. v. Xtreme Indus., L.L.C. (In re Viking Offshore (USA) Inc.)*, No. 08-31219-H3-11, No. 08-3296, 2009 Bankr. LEXIS 2276 (Bankr. S.D. Tex. July 31, 2009)(in which the Court held that not only was the plaintiff precluded from applying the state statute to the breach of maritime claim, but also to the alleged Rule 185 Statement on Sworn Account).

In reaching the decision, the Fifth Circuit in *Magna Transportation, Inc*., relied upon two (2) sister Circuit decisions which also found that the applicability of a state law statute as a work-around the general prohibition on attorneys' fees in admiralty and maritime claims was improper. *See e.g., Sosebee v. Rath*, 893 F.2d 54, 56-57 (3d Cir. 1990)(citing the "strong interest in maintaining uniformity in maritime law," and holding that "[w]here a case arises under the federal maritime law, as this case does, a local statute awarding attorneys' fees should not be applied."); *Southworth Mach. Co. v. F/V Corey Pride*, 994 F.2d 37, 41-42 (1st Cir. 1993) (holding that state law governing awards of attorney's fees will not be applied in a case involving a "standard contractual breach to which maritime law has always applied").  Even when the state statute provides for a mandatory award of attorneys' fees, the Fifth Circuit has held maritime law precludes same. *See, e.g., Onebeacon Am. Ins. Co. v. Turner*, 204 Fed. Appx. 383, 385 (5th Cir. 2006) (citing *Magna Transportation, Inc.*).

There is no dispute that this matter is subject to the admiralty jurisdiction of the Court and that the relationship between the parties was (and is) at all times governed by the general maritime law of the United States. *See* JPTO (Doc. 61).  Accordingly, the Texas state law statute does not apply as an end-run to recover attorneys' fees. *See also, Sea Link Cargo Servs. v. Marine Ctr. Inc.*, 380 Fed. Appx. 460, 463 (5th Cir. 2010)(re-affirming *Magna Transportation, Inc.* and rejecting award of attorneys' fees pursuant to Louisiana's Open Account statute[1] in a maritime case applying federal admiralty law); *Cent. Boat Rentals, Inc. v. Pontchartrain Partners, LLC*, 2024 U.S. Dist. LEXIS 141717, *10 (EDLA 2024) (same); *Cross Chartering N.V. v. R.I.P.C. (Trinidad) Ltd.*, 2005

---

[1] Specifically, , LA. REV. STAT. § 9:2781 states in relevant part, "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."

7

U.S. Dist. LEXIS 27499, *52 (SDTX 2005).   Accordingly, Plaintiff is not entitled to attorneys' fees in this cases as a matter of law.

Dated: December 5, 2024
       Houston, Texas

Respectfully submitted,

CHALOS & Co, P.C.

By:   /s/ Briton P. Sparkman
George M. Chalos, Esq.
Federal Bar No. 623727
*gmc@chaloslaw.com*
Briton P. Sparkman, Esq.
Federal Bar No. 1148116
*bsparkman@chaloslaw.com*
7210 Tickner Street
Houston, Texas 77055
Tel: (713) 574-9582
Fax: (866) 702-4577

*Attorneys For Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2024, the foregoing document was electronically filed with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing (ECF) system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented to accept service of this document by electronic means.

                                              /s/ *Briton P. Sparkman*
                                              Briton P. Sparkman