UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC, | § § § | |
| Plaintiffs, | § § | NO. 1:23-cv-00190-MAC |
| v. | § § | ADMIRALTY |
| M/V RCM 245, her tackle, furniture, Apparel, appurtenances, etc., *in rem*, *et al.* | § § § | |
| Defendants. | § § | |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE

COME NOW, Specially Appearing Defendants RCM 245 LLC and REBEKAH ROSE LLC, as claimants of the M/V RCM 245 and TUG REBEKAH ROSE, as well as Defendant Rose Cay Maritime, LLC, ("RCM") in personam, (collectively "Defendants") by and through undersigned counsel, and submit this Motion in Limine to preclude the introduction of evidence protected by attorney-client privilege. In support thereof, Defendants would respectfully show as follows:

**A. Applicable Standard**

Given that this is a bench trial, Defendants recognize that the Court will be able to generally receive the evidence and "give it the weight it deserves." Even though the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### B. Emails and Attachments Protected by Attorney-Client Privilege Should be Excluded.

Oscar Balderas was a port engineer for Defendant RCM during the period of December 2022 until his termination for cause on February 15, 2023. Approximately six (6) weeks after his termination and unbeknownst to Defendants, Mr. Balderas forwarded confidential, highly sensitive emails, including messages protected by attorney-client privilege and attorney work product privilege, to Gregg Bowman and Shauni Snorgrass of Plaintiff GBSM. These emails and records were the property of RCM and had nothing to do with GBSM and/or its alleged services rendered to the vessel. Although Mr. Balderas feigned knowledge of the documents and denied having sent them, the purpose and motive behind sending the messages were to hurt Defendants and to provide confidential, legally protected and privileged information to the Plaintiff in advance of this lawsuit which was filed a month later.

None of the messages are relevant to Plaintiff's claims pending before this Court and none of the information contained therein would have been required to be produced in discovery in this matter. Instead, a rogue former employee provided the Plaintiff with the documents without the knowledge, consent, or authority of Defendants. Mr. Balderas had no authority six (6) weeks after his termination to waive attorney client privilege on behalf of RCM. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985)) ("The power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."). Mr. Balderas was neither an officer nor a director of the Defendants.

Accordingly, Defendants respectfully request that this Honorable Court preclude as evidence at trial the legally protected attorney-client messages exchanged by RCM personnel with their in-house and outside counsel.

## **CERTIFICATE OF CONFERENCE**

The parties conferred on the issue in advance of pretrial filings. On Tuesday, December 3, 2024, Defendants made their position known in writing to Plaintiff with authorities. Plaintiff's counsel confirmed he would "consider" same. As part of pre-trial filings on Thursday, December 5, 2024, Plaintiff filed a memorandum on 'attorney-client privilege' issues seeking to obtain additional information/documentation from the improperly disclosed documents. Accordingly, the parties were not able to reach agreement on the issue.

Dated: December 5, 2024  
       Houston, Texas

Respectfully submitted,

CHALOS & CO, P.C.

By:   /s/ Briton P. Sparkman_____  
George M. Chalos, Esq.  
Federal Bar No. 623727  
*gmc@chaloslaw.com*  
Briton P. Sparkman, Esq.  
Federal Bar No. 1148116  
*bsparkman@chaloslaw.com*  
7210 Tickner Street  
Houston, Texas 77055  
Tel: (713) 574-9582  
Fax: (866) 702-4577

*Attorneys For Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2024, the foregoing document was electronically filed with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing (ECF) system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented to accept service of this document by electronic means.

                                           /s/ *Briton P. Sparkman*
                                           Briton P. Sparkman