UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC, | § § § | |
| Plaintiffs, | § § | NO. 1:23-cv-00190-MAC |
| v. | § § | ADMIRALTY |
| M/V RCM 245, her tackle, furniture, Apparel, appurtenances, etc., *in rem*, *et al.* | § § § | |
| Defendants. | § | |

### DEFENDANTS OBJECTIONS TO PLAINTIFF'S EXHIBITS AND INCORPORATED RESPONSE TO PLAINTIFF'S MEMORANDUM ON PRIVILEGE

COME NOW, Specially Appearing Defendants RCM 245 LLC and REBEKAH ROSE LLC, as claimants of the M/V RCM 245 and TUG REBEKAH ROSE, as well as Defendant Rose Cay Maritime, LLC, ("RCM") in personam, (collectively "Defendants") by and through undersigned counsel, and submit these Objections to Plaintiff's Exhibit List (ECF No. 61-1). As the issues overlap with Plaintiff's Memorandum on Attorney-Client Privilege (ECF No. 61-4), Defendants' objection(s) and response are incorporated herein. In support thereof, Defendants would respectfully show as follows:

A. **Attorney-Client Privilege**
   **Exhibit 14, 15, 16**

Exhibits 14, 15, and 16 are three (3) emails from a string between RCM employees, including its general counsel at the time, Joel Fine, with outside counsel from Chalos & Co, P.C. in copy. None of the messages are relevant to Plaintiff's claims pending before this Court and none of the information contained therein would have been required to be produced in discovery in this matter. Instead, a rogue former employee (Oscar Balderas) provided the Plaintiff with the

documents without the knowledge, consent, or authority of Defendants. Mr. Balderas had no authority six (6) weeks after his termination from RCM to waive attorney client privilege on behalf of RCM. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985)) ("The power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."); *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("'The power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.' [ . . .] It follows *a fortiori* that since a corporate employee cannot waive the corporation's privilege, that same individual as an ex-employee cannot do so.") (citations omitted). Mr. Balderas was neither an officer nor a director of the Defendants and was an ex-employee at the time he forwarded the emails without the consent of RCM to Plaintiff.

The emails clearly discuss legal strategy and a potential legal claim and anticipated litigation by the RCM corporate personnel. As such, the communications should be protected by the attorney-client privilege protection. As the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). The communications were made by and between corporate employees and officers and the corporation's counsel for the purpose of obtaining legal advice and the free exchange of legal strategies. *FTC v. Boehringer Ingelheim Pharms., Inc.*, 892 F.3d 1264, 1267 (D.C. Cir. 2018). Even though business elements were discussed in the exchanges, the primary purpose of the communication(s) was for the gathering and production of report(s) and information needed for outside counsel to be able to evaluate potential claim(s) and advise RCM on same, all of which is protected privileged

communications. *Id.*, at 1267-68; *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759, 410 U.S. App. D.C. 382 (D.C. Cir. 2014). Furthermore, Defendants certainly should not be compelled to produce any additional documents referenced or referred to as requested by Plaintiff, as there is no right or entitlement to the documents in the first place as a matter of law or fact in this case. Accordingly, Exhibits 14, 15, and 16 should be excluded.

**B.    Relevance and Hearsay**
**Exhibit 14, 15, 16**

The Exhibits should also be excluded on the basis that they are contain information that is irrelevant to the claims and defenses of the parties in this lawsuit. In gauging the admissibility of evidence, the trial court must determine if the evidence is relevant. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the *fact is of consequence* in determining the action." Fed. R. Evid. 401(emphasis added). Exhibits 14, 15, 16, as set forth above, are part of a string which is protected by attorney-client privilege. In addition, the emails are discussing an anticipated dispute and legal action against an unrelated party, for work which was completed on equipment and machinery onboard the Barge 270 which has nothing to do with the work and services allegedly being performed by Plaintiff.

Finally, the emails are by and between individuals who are not listed as witnesses on either party's trial witness list and accordingly present an issue of hearsay (and even hearsay within hearsay if offered for the truth of the contents), and should also be excluded on those grounds. Fed. R. Evid. 802. Plaintiff has no legitimate basis for the introduction of these exhibits to prove any element of Plaintiff's claims or to challenge any of Defendant's claimed affirmative defenses. Accordingly, they should be excluded.

C.      **Relevance, Cumulative – Bludworth Marine LLC Exhibits**
**Exhibit 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 24, 36, 37, 38, 40, 41, 56, 57, and 58.**

Plaintiff has marked the above twenty-one (21) exhibits which have nothing to do with the claims of GBSM and/or the defenses asserted by RCM. These exhibits are email communications, purchase orders, bids, quotes, and invoices between a former party to this case, Bludworth Marine LLC and RCM. The exhibits do not discuss nor do they reference in any way the work or services allegedly being performed by GBSM. The exhibits do not serve to prove any of the elements of Plaintiff's claim for an alleged maritime lien and/or an alleged statement on sworn account. Bludworth Marine LLC settled its dispute with RCM and is no longer an active party to this case. The exhibits are also unnecessarily cumulative, and while Defendants are not concerned that this Honorable Court needs to protect itself from confusing, irrelevant, and cumulative exhibits like it would a jury, the Court may still exercise discretion to exclude exhibits which are cumulative and would cause undue delay to the proceedings. *See e.g.*, Fed. R. Evid. Rule 403. The proposed exhibits should therefore be excluded pursuant to Fed. R. Evid. Rule 401 and/or 403.

D.      **Incomplete Exhibit**

Exhibit 23 as proposed by the Plaintiff only contains a part of the email string. Defendants object to the admission of any partial, incomplete, or out-of-date documents as evidence and requests that only complete original documents be used at trial. *See* Fed. R. Evid. 106.

E.      **Duplicate Exhibits**

Exhibits 19, 34, 29, and 43 are duplicative exhibit. If the batenumber citations are correct, then the exhibits can be removed from the list on the basis that they do not need to be submitted twice. If it was a scriveners or ministerial error and a different exhibit is intended by Plaintiff, then the exhibit list needs to be updated so that Defendants may review prior and object (as appropriate) prior to trial.

4

- Exhibit 29 – Duplicate of Exhibit 43
- Exhibit 34 – Duplicate of Exhibit 19

**F.     Reservation of Rights**

Plaintiff GBSM has provided three different sets of descriptions of its Exhibits. Plaintiff has not provided copies of the exhibits which do not have batesnumbers or other descriptive information (for example, Exhibit 80 – Killeen Legal Invoices), and therefore reserves the right to object to exhibits once Defendants have the ability to review the Plaintiff's anticipated exhibits.

Dated:  January 27, 2025                                         Respectfully submitted,
             Houston, Texas

                                                                              CHALOS & CO, P.C.


                                                     By:       /s/ Briton P. Sparkman_____
                                                                George M. Chalos, Esq.
                                                                Federal Bar No. 623727
                                                                *gmc@chaloslaw.com*
                                                                Briton P. Sparkman, Esq.
                                                                Federal Bar No. 1148116
                                                                *bsparkman@chaloslaw.com*
                                                                7210 Tickner Street
                                                                Houston, Texas 77055
                                                                Tel: (713) 574-9582
                                                                Fax: (866) 702-4577

                                                                *Attorneys For Defendants*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 27, 2025, the foregoing document was electronically filed with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing (ECF) system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented to accept service of this document by electronic means.

                                                    /s/ *Briton P. Sparkman*
                                                    Briton P. Sparkman