UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC §§§§§ Complainants, §§ v. § ROSE CAY MARITIME, LLC, *in personam*; RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC., *in rem*; and TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC., *in rem* §§§§§§§§§§§§§ Claimants. | CIVIL ACTION NO. 1:23-CV-00190-MAC-ZJH |

**GBSM SERVICE AND MANAGEMENT, LLC** and **BLUDWORTH MARINE LLC**

Complainants,

v.

**ROSE CAY MARITIME, LLC**, *in personam*; **RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC.**, *in rem*; and **TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC.**, *in rem*

Claimants.

CIVIL ACTION NO. 1:23-CV-00190-MAC-ZJH

## COMPLAINANT'S OBJECTIONS TO DEFENDANT RCM'S EXHIBITS

NOW INTO COURT, through undersigned counsel, come Complainant, GBSM Service and Management LLC ("GBSM or Complainant") and files their objections to Defendants RCM 245 LLC and REBEKAH ROSE LLC, as claimants of the M/V RCM 245 and TUG REBEKAH ROSE, as well as Defendant Rose Cay Maritime, LLC, ("RCM") *in personam,* (collectively "Defendants") proposed exhibits (ECF No. 74), and would respectfully represent as follows:

**Preamble:** We asked opposing counsel if they would agree to allow everything in and because Judge Crone is sitting in Admiralty. This was not agreed to between counsel.

**Exhibit 1**: Relevance; *Fed. R. Evid*. 401 and 402. Since the first three ("3") agreed upon exhibits ("GBSM invoices") control, there is no relevance to this exhibit.

**Exhibit 2**: "and others"; this violates the Court's order, is unidentifiable and prejudices GBSM. *Fed. R. Evid.* 403.

**Exhibit 3**: Relevance; *Fed. R. Evid*. 401 and 402. Since the first three ("3") agreed upon exhibits control, ("GBSM invoices") there is no relevance to this exhibit.

**Exhibit 4**: "and others"; this violates the Court's order, is unidentifiable and prejudices GBSM. *Fed. R. Evid.* 403. No objection to Precision Invoice 96932.

**Exhibit 5**: "and others"; this violates the Court's order, is unidentifiable and prejudices GBSM. *Fed. R. Evid.* 403. The purpose of the usage of Action's 4 invoices is unclear and therefore relevance pursuant *Fed. R. Evid*. 401 and 402.

**Exhibit 6:** This exhibit was originally misidentified (00047) and objected to. This exhibit is not objected to if Petitioners 000031-000054 can be used via the optional rule of completeness. Defendants' exhibits list employee contacts and the subsequent exhibit pages list the employees and their activities.

**Exhibit 7**: Relevance; *Fed. R. Evid*. 401 and 402. This email exchange on January 8, 2023, has no relevance as it is before the parameters of the job drastically changed and before a single invoice was forwarded. Mr. Bowman has never seen the jet fuel barge's size.

**Exhibit 8**: Relevance; *Fed. R. Evid*. 401 and 402. Ms. Snorgrass was questioned about RCM 70 with RCM 135-140. GBSM has no objection to RCM 70 in conjunction with RCM 135-140.

**Exhibit 9**: Relevance; *Fed. R. Evid*. 401 and 402. Ms. Snorgrass was questioned about RCM 70 with RCM 135-140. GBSM has no objection to RCM 70 in conjunction with RCM 135-140.

**Exhibit 10**: Relevance; *Fed. R. Evid*. 401 and 402. This email exchange of February 15, 2023, has no relevance regarding the three agreed upon Exhibits 1, 2 and 3.

**Exhibit 11**: Relevance; *Fed. R. Evid*. 401 and 402. By February 16, 2023, GBSM has already sent all invoices with back-up. In fact, the initial invoice, Agreed Upon Exhibit 1, was sent 2-3 times in January.

**Exhibit 12**: Relevance; *Fed. R. Evid*. 401 and 402. By February 17, 2023, GBSM had sent all invoices with back-up multiple times.

**Exhibit 13**: Relevance; *Fed. R. Evid*. 401 and 402. Again, RCM's vessels had left approximately eight ("8") days, RCM had received the GBSM agreed upon exhibits 1,2 and 3 multiple times and therefore what Mister Wilson had on this date is irrelevant.

**Exhibit 14**: Relevance; *Fed. R. Evid*. 401 and 402. By February 27, 2023, the GBSM agreed upon exhibits 1,2 and 3 had been provided to RCM multiple times. Back-up had been previously provided. The fact that another RCM employee, Mr. Fine, as counsel is first requesting these after being provided has no relevance.

**Exhibit 15**: Relevance; *Fed. R. Evid*. 401 and 402. Hearsay; *Fed. R. Evid*. 802. RCM's attorney, Mr. Fine's email to Mr. Bowman is hearsay, false and mislead. Clearly, this exhibit is being offered for the "truth of the matter asserted".

**Exhibit 16**: Relevance; *Fed. R. Evid*. 401 and 402. RCM's Port Captain has already testified that he approved the GBSM invoices. (Balderas' deposition, page 59, lines 14-18).

**Exhibit 17**: Relevance; *Fed. R. Evid*. 401 and 402. RCM's Port Captain has already testified that he approved the GBSM invoices. (Balderas' deposition, page 59, lines 14-18).

**Exhibit 18**: Hearsay; *Fed. R. Evid*. 802. To the extent the book was used with Mr. Balderas and proven up at his deposition, this is admissible.

**Exhibit 19**: GBSM agreed to this exhibit.

**Exhibit 20**: GBSM agreed to this exhibit.

**Exhibit 21**: Hearsay; *Fed. R. Evid*. 802

Respectfully submitted,

**KILLEEN & ASSOCIATES, PC**

By: */s/ Robert J. Killeen, Jr.*
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Ph: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties to this case.

*/s/ Robert J. Killeen, Jr.*
Robert J. Killeen, Jr.