UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC<br><br>Complainants,<br><br>v.<br><br>ROSE CAY MARITIME, LLC, *in personam*; RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC., *in rem*; and TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC., *in rem*<br><br>Claimants. | CIVIL ACTION NO. 1:23-CV-00190-MAC-ZJH |

## COMPLAINANTS' TRIAL BRIEF REGARDING ITS MARITIME LIEN

NOW INTO COURT, through undersigned counsel, come Complainant, GBSM Service and Management LLC ("GBSM or Complainant") and file its Trial Brief Regarding its Maritime Lien and respectfully would show as follows:

1. To establish a maritime lien for necessaries, a party must demonstrate four ("4") key elements: (1) the goods or services were provided to the vessel, (2) the goods or services qualify as necessaries, (3) the goods or services were provided on the order of the vessel's owner or an authorized agent, and (4) the goods or services were provided at a reasonable price.[1]

---

[1] Fincantieri Marine Repair LLC v. M/V Geysir, 2023 U.S. Dist. LEXIS 31714, Rickenbacker Marina, Inc. v. Sancocho, 2023 U.S. Dist. LEXIS 122539, Richmond Bay Marina, LLC v. Vessel "Relax", 2013 U.S. Dist. LEXIS 179132.

1

2. The term "necessaries" is defined broadly under 46 USC 31301 to include repairs, supplies, towage, and the use of a dry dock or marine railway. This definition is interpreted expansively to cover any goods and services reasonably needed for the vessel's operation.[2]

3. 46 USC 31301 provides that a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel.[3]

4. The authority to procure necessaries is presumed for certain individuals, including the vessel's owner, master, a person entrusted with the vessel's management at the port of supply, or an officer or agent appointed by the owner, charterer, or an owner *pro hac vice*.[4]

5. Even if the necessaries are ordered by someone without actual authority, the lien can still be valid if accepted by someone with the appropriate authority.[5]

6. Under the facts of this case, it is indisputable that GBSM has a lien on the RCM vessels, which has since been superseded by the cash put forward by defendant with the court in exchange for the release of their vessels in May 2023.

---

[2] Rickenbacker Marina, Inc. v. Sancocho, 2023 U.S. Dist. LEXIS 122539. Garpo Marine Servs. v. Island Romance Official No. 551624, 2021 U.S. Dist. LEXIS 190223. Oakland Yacht Club v. Vessel Ultimatum, 2014 U.S. Dist. LEXIS 72067

[3] Rickenbacker Marina, Inc. v. Sancocho, 2023 U.S. Dist. LEXIS 122539, § 31342. Establishing maritime liens, Bradford Marine v. M/V "Sea Falcon", 64 F.3d 585.

[4] 46 USC 31341.

[5] § 7.01 Nature and Sources of Maritime Liens | 8 Benedict on Admiralty § 7.01.

Respectfully submitted,

**KILLEEN & ASSOCIATES, PC**

By: */s/ Robert J. Killeen, Jr.*
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Ph: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties to this case.

*/s/ Robert J. Killeen, Jr.*
Robert J. Killeen, Jr.