| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| GBSM SERVICE AND MANAGEMENT LLC and BLUDWORTH MARINE LLC, § § § § | |
| Plaintiffs, § § | |
| versus § | CIVIL ACTION NO. 1:23-CV-190 |
| § § | |
| RCM 245, her tackle, furniture, apparel, appurtenances, etc., *in rem*; TUG REBEKAH ROSE, her tackle, furniture, apparel, appurtenances, etc., *in rem*; and ROSE CAY MARITIME, LLC, *in personam*, § § § § § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendants RCM 245, her tackle, furniture, apparel, appurtenances, etc. ("RCM 245"), TUG REBEKAH ROSE, her tackle, furniture, apparel, appurtenances, etc. ("REBEKAH ROSE"), and Rose Cay Maritime, LLC's ("RCM") (collectively, "Defendants") Motion in Limine to Preclude Introduction of Evidence Protected by Attorney-Client Privilege (#71.3). Complainants GBSM Service and Management, LLC ("GBSM"), and Bludworth Marine, LLC ("Bludworth"), (collectively "Complainants") filed a Memorandum in response (#71.5). Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Defendants' motion in limine should be denied.

I.   Background

This lawsuit arises out of a contractual relationship between GBSM and RCM. On December 28, 2022, a draft tank barge that was built in 1997, referred to by the parties as RCM

245, arrived in Galveston, Texas. Shortly after its arrival, RCM 245 docked at Galveston Pier 41. On January 8, 2023, RCM contacted and retained GBSM to perform certain repair and removal services on RCM 245. GBSM performed a variety of services during January, February, and March of 2023. GBSM also hired subcontractors to complete some of the services. Correspondingly, GBSM sent multiple invoices, charging RCM $421,586.03 in total. RCM, however, refused to pay the invoices, stating that it only authorized and agreed to be charged a maximum of $150,000.00 for the services provided by GBSM. Accordingly, RCM paid only the amount it claims was authorized.

On May 16, 2023, Complainants filed their Original Complaint (#1) against Defendants in the Eastern District of Texas, Beaumont Division. Complainants subsequently filed an Amended Complaint (#32), asserting their entitlement to a maritime lien under general maritime law and the Federal Maritime Lien Act. Defendants filed their Answers (#s 40, 41), maintaining that Complainants are not entitled to a lien because GBSM rendered services and charged amounts that RCM did not authorize. On January 27, 2025, the parties filed a Corrected Joint Pretrial Order ("JPTO") (#71). As an attachment to the JPTO, Defendants filed a Motion in Limine (#71.3). In their motion, Defendants contend that Complainants' Exhibits 14, 15, and 16 should be excluded because they are protected by attorney-client privilege. Defendants maintain that GBSM obtained Exhibits 14, 15, and 16 from a disgruntled, former RCM employee and that the exhibits contain irrelevant and privileged communications. Accordingly, Defendants ask the court to exclude Exhibits 14, 15, and 16 as being inadmissible and privileged.

II.    Analysis

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Horton v. Everything Breaks, Inc.*, No. 3:22-cv-02131-S-BT, 2023 WL 9283971, at *1 (N.D. Tex. Oct. 10, 2023); *SynQor, Inc. V. Vicor Corp.*, No. 2:14-CV-287-RWS-JBB, 2022 WL 7219272, at *6 (E.D. Tex. Oct. 7, 2022). A motion in limine asks the court to require the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence in a trial before a jury. *Horton*, 2023 WL 9283971, at *1. The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980).

Because this is a bench trial, the court is of the opinion that Defendants' motion in limine is misplaced. In essence, Defendant seeks an advance ruling on the admissibility of evidence. *See Rash v. Lafayette County*, No. 3:20-cv-224-NBB-RP, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022); *Magee v. Fla. Marine, LLC*, No. 22-3835, 2024 WL 3457604, at *8 n.57 (E.D. La. July 18, 2024). The purpose of a motion in limine is to preclude an opposing party from offering or even mentioning improper evidence before a jury without first approaching the bench for a ruling on its admissibility. 75 AM. JUR. 2D *Trial* § 37 (2025). Here, where there is no jury, to the extent the evidence is prejudicial to the moving party, the judge has already seen it, and any benefit of shielding the evidence from the eyes of the trier of fact is absent.

The "[u]se of a motion in limine to exclude evidence in a case tried by the court without a jury has been disapproved on the grounds that it can serve no useful purpose in a nonjury case." *Id.* § 43. Indeed, the granting of such a motion in a bench trial is error, albeit not reversible

error, unless the complaining party can show both an erroneous ruling and prejudice resulting therefrom. *Id.* As stated more pointedly in *Cramer v. Sabine Transp. Co.*:

> [T]his is a bench trial, making any motion in limine asinine on its face. Motions in limine are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.

141 F. Supp. 2d 727, 733 (S.D. Tex. 2001).

Here, Defendants have filed a motion in limine to Complainants' Exhibit 14, 15, and 16. Defendants cite multiple cases to establish that a party may file a motion in limine in federal court. The court agrees with Defendants that a motion in limine may be properly filed in federal court. Nevertheless, the utility of such a motion is limited to jury trials, as evidenced by the fact that the cases that Defendants cite arise in the context of a jury trial. *See Luce v. United States*, 469 U.S. 38, 40 (1984); *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 847 (N.D. Ohio 2004). Consequently, Defendants' motion in limine should be denied because it cannot serve a useful purpose in the present bench trial. Additionally, it is important to note that Defendants incorporated the contentions contained in the present motion into their objections to Complainants' exhibits. The above analysis, however, refers only to Defendants' motion in limine, and the court does not purport to rule on Defendants' objections to Exhibits 14, 15, and 16. Accordingly, the court reserves its right to rule on Defendants' objections at a later date.

III.    Conclusion

For the foregoing reasons, Defendants' Motion in Limine to Preclude Introduction of Evidence Protected by Attorney-Client Privilege (#71.3) is DENIED.

SIGNED at Beaumont, Texas, this 13th day of February, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE