UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC**<br><br>Complainants,<br><br>v.<br><br>**ROSE CAY MARITIME, LLC,** *in personam*; **RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC.,** *in rem*; and **TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC.,** *in rem*<br><br>Claimants. | § § § § § § § § § § § § § § § § § | **NO. 1:23-CV-00190-MAC-ZJH**<br>**ADMIRALTY** |

## COMPLAINANTS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS

COMES NOW, Complainants GBSM Service and Management, LLC ("GBSM" or "Complainant"), and files its reply to Defendants RCM 245 LLC and Rebekah Rose LLC, as Claimants of the M/V RCM 245 and Tug Rebekah Rose, *in rem,* as well as Defendant Rose Cay Maritime, LLC, ("RCM") *in personam,* (collectively "Defendants" or "Claimants"), *Response to Plaintiff's Objections to Defendants' Exhibits* (ECF No. 80), and represents as follows[1]:

**RCM Exhibit 1**

The parties have agreed regarding GBSM's three invoices: Agreed exhibits 1, 2, and 3. This exhibit represents numbers created from a verbal telephone call between RCM's Port Engineer and Mr. Bowman on Sunday, January 8, 2023. The work and services provided by

---

[1] GBSM's Counsel lost the reply which was finalized on an Embassy Suites computer hotel in Dallas, TX. It had to redo the entire reply resulting on a delay in its timely filing.

1

GBSM are as reflected on the three agreed exhibits. Therefore, this proposed exhibit is not relevant and misleading.

**RCM Exhibit 3**

This proposed exhibit is related to RCM's proposed Exhibit 1. These two exhibits are predicated upon a verbal conversation which turned out to be inaccurate. The actual work and services provided by GBSM are reflected on the three agreed exhibits which were approved by the RCM's Port Engineer on site with both apparent and actual authority.

**RCM Exhibit 6**

This objection is withdrawn.

**RCM Exhibit 7**

Again, this proposed exhibit is predicated upon a verbal conversation on Sunday, January 8, 2023. The actual work performed and services provided are reflected on the three agreed exhibits which were approved by RCM. Therefore, this proposed exhibit is not relevant and misleading.

**RCM Exhibit 8**

This proposed exhibit reflects the monetary amount of GBSM's first invoice which is an agreed exhibit. This invoice was sent to RCM in close proximity to the date reflected on it: January 13, 2023. Therefore, this exhibit is not relevant and misleading.

**RCM Exhibit 9**

This is an agreed exhibit which is not objected to stand-alone. However, it is objected to in conjunction with Exhibit 8 as it is misleading and not relevant.

**RCM Exhibit 10**

It is undisputed that all three of GBSM's invoices were received by RCM, several on

multiple occasions. Therefore, this proposed exhibit is not relevant.

**RCM Exhibit 11-14:**

It is undisputed that all three of GBSM's invoices were received by RCM, several on multiple occasions, and approved by multiple RCM employees including the Port Engineer. Additionally, it is undisputed RCM received the back up support for all three invoices. Therefore, these proposed exhibits are not relevant. Further, proposed exhibit 14, from former RCM's legal counsel requesting the back up and supporting documents for the three agreed upon GBSM invoices, which had already been provided/approved, is irrelevant. This is especially true after the vessels left Galveston approximately three weeks earlier.

**RCM Exhibit 15**

Proposed exhibit 15, from former RCM's legal counsel requesting the back up and supporting documents for the three agreed upon GBSM invoices, which had already been provided/approved, is irrelevant. This is especially true after the vessels left Galveston.

**RCM Exhibit 16**

This proposed exhibit is irrelevant as Mr. Balderas and other RCM employees had already approved the three agreed upon invoices. Additionally, RCM's counsel has represented to the Court that Mr. Balderas shall be appearing live at trial. This is concerning since RCM's counsel now state the following for the first time:

> "Mr. Balderas' deposition is not evidence at trial and will not be introduced at trial as Plaintiff has failed to offer any timely deposition designations and/or file a motion asserting witness unavailability to be able to use of the deposition pursuant to Fed. R. Civ. P. Rule 32."

GBSM's counsel relied upon RCM's representation to this Court. If RCM's counsel is now

3

representing otherwise, GBSM shall submit proposed testimony from Mr. Balderas deposition.

**RCM Exhibit 17**

This proposed exhibit is irrelevant as Mr. Balderas and other RCM employees had already approved the three agreed upon invoices. Additionally, RCM's counsel has represented to the Court that Mr. Balderas shall be appearing live at trial. This is concerning since RCM's counsel now state the following for the first time:

> "Mr. Balderas' deposition is not evidence at trial and will not be introduced at trial as Plaintiff has failed to offer any timely deposition designations and/or file a motion asserting witness unavailability to be able to use of the deposition pursuant to Fed. R. Civ. P. Rule 32."

GBSM's counsel relied upon RCM's representation to this Court. If RCM's counsel is now representing otherwise, GBSM shall submit proposed testimony from Mr. Balderas deposition.

**RCM Exhibit 18**

This proposed exhibit is irrelevant as Mr. Balderas and other RCM employees had already approved the three agreed upon invoices. Additionally, RCM's counsel has represented to the Court that Mr. Balderas shall be appearing live at trial. This is concerning since RCM's counsel now state the following for the first time:

> "Mr. Balderas' deposition is not evidence at trial and will not be introduced at trial as Plaintiff has failed to offer any timely deposition designations and/or file a motion asserting witness unavailability to be able to use of the deposition pursuant to Fed. R. Civ. P. Rule 32."

GBSM's counsel relied upon RCM's representation to this Court. If RCM's counsel is now representing otherwise, GBSM shall submit proposed testimony from Mr. Balderas deposition.

**RCM Exhibit 21**

This proposed exhibit is clearly hearsay just as their expert's report is clearly hearsay.

                Respectfully submitted,

                **KILLEEN & ASSOCIATES, PC**

By: */s/ Robert J. Killeen, Jr.*
      Robert J. Killeen, Jr.
      Texas Bar No. 11407000
      Federal Bar No. 12343
      1811 Bering Dr., Suite 120
      Houston, Texas 77057
      Ph: 713-626-5100
      Fax: 713-626-4545
      Email: rkilleen@killeen-law.com

                **ATTORNEY FOR COMPLAINANTS**

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 18th day of February 2025, that the foregoing pleading was filed with the Clerk of Court and served to all known parties by using the Court's CM/ECF system.

                */s/Robert J. Killeen Jr.*
                Robert J. Killeen, Jr.