UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC**<br><br>Complainants,<br><br>v.<br><br>**ROSE CAY MARITIME, LLC,** *in personam*; **RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC.,** *in rem*; and **TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC.,** *in rem*<br><br>Claimants. | § § § § § § § § § § § § § § § § § | **NO. 1:23-CV-00190-MAC-ZJH**<br>**ADMIRALTY** |

### COMPLAINANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED JOINT PRETRIAL ORDER EXHIBIT

Complainant, GBSM Service and Management, LLC ("GBSM" or "Complainant"), asks the Court to permit a(n) amendment/trial amendment of the Amended Joint Pretrial Order and submit witness Mr. Oscar Balderas' testimony via line page.

A.    **INTRODUCTION**

1. Plaintiff is GBSM Service and Management, LLC and Bludworth Marine LLC (collectively, "Complainant"); Defendants are RCM 245 LLC and Rebekah Rose LLC, as Claimants of the M/V RCM 245 and Tug Rebekah Rose, *in rem,* as well as Defendant Rose Cay Maritime, LLC, ("RCM") *in personam,* (collectively, "Defendants" or "RCM").

2. Plaintiff sued Defendant for collection on three ("3") outstanding invoices totaling $421, 586.03.

3. The trial of this case begins on Monday, March 17, 2025. Pre-trial is Tuesday, February 25, 2025, at 1:00pm.

4. In the Amended Joint Pretrial Order ("JPTO"), (ECF Doc 71), both parties offered evidence via the testimony of former RCM Port Captain, Oscar Balderas ("Mr. Balderas") who was deposed on September 24, 2024.[1]

5. In the Amended JPTO, the following was stated by counsel under Availability of Witnesses:

> "All available except Mr. Balderas, whom may be unavailable as he has a home in Mexico. Claimants/Defendants submit Mr. Balderas confirmed at his deposition his willingness and availability to attend trial. **Claimants/Defendants do not agree that he is 'unavailable' when a trial date has not been set**"[2](Emphasis added).

6. GBSM counsel relied upon RCM counsel's repeated representations, including in the construction of the initial and amended JPTO and in Court that Mr. Balderas was attending trial.

7. On February 18, 2025, via reply objections and correspondence dated February 19, 2025, RCM counsel informed GBSM's counsel for *the first time* that RCM was now objecting to any line-page submissions regarding Mr. Balderas. Previously, RCM counsel repetitively stated to GBSM counsel, as reflected in both JPTO's, that Mr. Balderas was attending trial.

8. Despite the Court's orders, GBSM counsel relied upon RCM counsel representations to the undersigned and the Court.

9. Now, RCM counsel is stating the following for the first time, *inter alia:*

> "Accordingly, to file a deposition designation, seeing as the deadline has passed, the defense (sic) will need to file a motion for leave to amend the joint pretrial order, should it decide to designate a deposition excerpt."[3]

---

[1] Complainant, GBSM has Mr. Balderas listed as its fourth witness on its Witness list.
[2] JPTO, pg. 16.
[3] RCM counsel's correspondence of February 19, 2025.

10. The designation of Mr. Balderas' line page excerpts was not an issue predicated upon RCM counsel's repeated representations that Mr. Balderas would appear at trial until the past forty-eight ("48") hours. Mr. Balderas' line-page excepts are not currently a part of the JPTO because GBSM counsel relied upon RCM counsel's representations to him and the Court. If RCM counsel had not been emphatic concerning Mr. Balderas' attendance, GBSM would have submitted his line page designations timely in accordance with this Court's orders. Complainant asks the Court to allow an amendment, trial or otherwise to include Mr. Balderas' line-page submissions for trial as he is the most important witness in the case and these machinations resulted in GBSM not timely complying with this Court's order.

### B.     ARGUMENT

11. Federal Rule of Civil Procedure 15(b) permits amendment that conform the pleadings to the evidence that shall be offered during trial.[4] A court should allow an amendment when doing so will aid in presenting merits and will not prejudice the nonmovant's case on the merits.[5]

12. The Court should permit the amendment in this case for the following reasons:

13. RCM shall not be surprised or prejudiced by this amendment, as RCM fully participated in Mr. Balderas' deposition on September 24, 2024, and fully examined him. Attached as **"Exhibit A"** is GBSM's proposed Line-Page submissions for Mr. Balderas from his deposition.[6]

14. Pursuant to ABA Model Rule 3.4, titled "Fairness to Opposing Party and Counsel",

---

[4] Fed. R. Civ. P. 15(b); *United States ex rel. Mod. Elec., Inc. v. Ideal Elec. Sec. Co.*, 81 F.3d 240, 245 (D.C. Cir. 1996).
[5] Fed. R. Civ. P. 15(b)(1).
[6] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2002).

it is disappointing that the undersigned should *not* have relied upon opposing counsel's repeated representations, and in an abundance of caution filed proposed line-page submissions for Mr. Balderas. However, the undersigned takes full responsibility for this mistake and asks the Court to grant leave so that GBSM and Mr. Bowman are not punished.  For these reasons, Complainant, GBSM, asks the Court to grant this motion and permit an amendment/trial amendment of its Amended Joint Pretrial Order Exhibit and allow the testimony of Mr. Balderas by line page submissions.

Respectfully submitted,

**KILLEEN & ASSOCIATES, PC**

By: */s/ Robert J. Killeen, Jr.*
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Ph: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANT**

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 20th day of February 2025, that the foregoing pleading was filed with the Clerk of Court and served to all known parties by using the Court's CM/ECF system.

*/s/Robert J. Killeen Jr.*
Robert J. Killeen, Jr.

4