# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| GBSM SERVICE AND MANAGEMENT LLC and BLUDWORTH MARINE LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>RCM 245, her tackle, furniture, apparel, appurtenance, etc., *in rem*; TUG REBEKAH ROSE, her tackle, furniture, apparel, appurtenances, etc., *in rem;* and ROSE CAY MARITIME, LLC, *in personam*,<br><br>Defendants. | NO. 1:23-CV-00190-MAC<br><br>ADMIRALTY |

### COMPLAINANT'S MEMORANDUM OF LAW ON APPARENT AUTHORITY

**TO THE HONORABLE JUDGE OF THIS COURT:**

Maritime law embraces agency principles.[1] Under these principles, "[a]pparent authority is created as to a third person by conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to the act done on his behalf by the person purporting to act for him."[2]

A party relying on apparent authority is required to show: (1) the principal's conduct caused it to believe that the agent had this authority and (2) as a direct consequence thereof, it reasonably

---

[1] *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1111 (5th Cir. 1985).

[2] *Id.* (citing to Restatement (Second) of Agency 27).

relied on the agent's purported authority.[3]

The elements required to prove apparent authority are:

(1) **Manifestation by the Principal**: The principal must make some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal. This manifestation can be through written or spoken words or any other conduct of the principal.[4]

(2) **Reasonableness of the Belief**: The third party's belief that the agent had authority must be reasonable. This means that the belief must be based on the principal's conduct and not merely on the agent's assertions.[5]

(3) **Detrimental Reliance**: The claimant must have reasonably acted on such belief to their detriment. This means that the third party must have relied on the appearance of authority and suffered a loss or detriment as a result.[6]

Uncontested facts clearly demonstrate the existence of elements 1 and 2:

Oscar Balderas ("Mr. Balderas"), on behalf of RCM, contacted Greg Bowman ("Mr. Bowman"), principal at GBSM on Sunday, **January 8, 2023,** and retained their services. [7]

One service GBSM performed for RCM was to locate third party companies to assist in the removal of the jet fuel by placing it into vacuum trucks for it to be hauled away back to the customer, Valero. [8]

Additionally, RCM admitted:

**REQUEST FOR ADMISSION NO 14:** Admit or deny that you hired GBSM to perform work with RCM 245 after she arrived in Galveston.

**RESPONSE: Admit.**

---

[3] *Hampton Berm. Ltd. v. M/V Star Siranger*, 2008 U.S. Dist. LEXIS 32548, citing to *Armit v. Eleni Intern., Shipping*, 201 F.3d 556, 559 (5th Cir. 2000).

[4] *ING Bank, N.V. v. M/V Charana Naree*, 446 F. Supp. 3d 163, *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, *Warren v. Ajax Navigation Corp.*, 1995 U.S. Dist. LEXIS 19535.

[5] *Id.*

[6] *Id.*

[7] JPTO, p. 5 of 29.

[8] *Id.*

RCM Port Engineer, Oscar Balderas, had at a *minimum*, apparent authority from January 8, 2023, through January 19, 2023, to retain vendors and bind RCM for services rendered.

Mr. Balderas' direct supervisor, Chad Wozniak, ("Mr. Wozniak") never disapproved any request made by Mr. Balderas:

> Did Chad ever disapprove of services provided by GBSM to you on behalf of the RCM in writing?
>
> A.· No, sir.[9]

Subsequently, Mr. Wozniak left RCM:

> Q.· To the best of your recollection, at some time during the second half of January 2023, did Mr. Wozi -- Woz -- did Chad leave RCM?
>
> A.· Yes, sir.[10]

From at least January 20, 2023, until the vessels left Galveston on February 9, 2023, Oscar had actual authority. On January 20, 2023, RCM's CEO and founder Alex Parker ("Mr. Parker") wrote to its President, Jasper Wilson:

> "Jasper-Oscar approves all invoices from technical moving forward in bill pay."[11]

Mr. Parker reiterated Mr. Balderas' authority to approximately a dozen individuals the next day:

> "If other vendors are required Oscar has the helm to make that call".[12]

Mr. Balderas' testified regarding GBSM:

---

[9] Balderas Deposition, p. 32, L 7-10.

[10] Balderas Deposition, p. 32, L 11-14.

[11] GBSM exhibit 60, RCM bates stamp 002039.

[12] GBSM exhibit 15.

>Because without him, I don't think we ever would have finished.· He was a big part of the big group of the company, every -- all parties, including myself, including the higher-ups of my company.· He provided, and everybody was aware of what kind of service he was provided to us.[13]

Dated February 28, 2025

                          Respectfully submitted,

                          **KILLEEN & ASSOCIATES, PC**

            By:*/s/ Robert J. Killeen, Jr.*
                          Robert J. Killeen, Jr.
                          Texas Bar No. 11407000
                          Federal Bar No. 12343
                          1811 Bering Dr., Suite 120
                          Houston, Texas 77057
                          Ph: 713-626-5100
                          Fax: 713-626-4545
                          Email: rkilleen@killeen-law.com

                          **ATTORNEY FOR COMPLAINANTS**

---

[13] Balderas Deposition, p.177, L 3-10.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2025, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties to this case.

*/s/ Robert J. Killeen, Jr.*
Robert J. Killeen, Jr.
