UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **GBSM SERVICE AND MANAGEMENT, LLC and BLUDWORTH MARINE LLC**<br><br>    **Complainants,**<br><br>v.<br><br>**ROSE CAY MARITIME, LLC,** *in personam*; **RCM 245, HER TACKLE, FURNITURE APPAREL, APPURTENANCES ETC.,** *in rem*; and **TUG REBEKAH ROSE, HER TACKLE, FURNITURE, APPAREL, APPURTENANCE, ETC.,** *in rem*<br><br>    **Claimants.** | § § § § § § § § § § § § § § § § § | NO. 1:23-CV-00190-MAC-ZJH<br><br>ADMIRALTY |

### COMPLAINANT'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR OSCAR BALDERAS

COMES NOW, Complainants GBSM Service and Management, LLC ("GBSM" or "Complainant"), and files its response to Defendants RCM 245 LLC and Rebekah Rose LLC, as claimants of the M/V RCM 245 and Tug Rebekah Rose, as well as Defendant Rose Cay Maritime, LLC, ("RCM") *in personam,* (collectively "Defendants" or "Claimants"), *Objections to Plaintiff's Designations for Oscar Balderas* (ECF No. 102), and represents as follows:

**Page 30, line 13 to Page 30, line 25:**

Proper usage of questioning a witness regarding the sworn testimony given by another witness.

**Page 38, line 17 to Page 39, line 21:**

It cannot be hearsay because nothing was said to him.

**Page 44, line 20 to Page 45, line 24:**

It is relevant as an exemplar regarding an email he sent every day, letting everyone at RCM know what was going on.

**Page 47, line 9 to page 48, line 7:**

This testimony is relevant because it is Mr. Balderas explaining RCM's billing system, and how invoices from vendors such as GBSM are submitted to the company. Six (6) weeks later is relevant because GBSM was never paid, despite its invoices being listed.

**Page 49, line 4 to Page 49, line 17:**

This testimony is relevant because it is Mr. Balderas explaining RCM's billing system. More specifically, this testimony addresses bills RCM is denying payment to and bills RCM is stating need to be paid. Six (6) weeks later is relevant because GBSM was never paid, despite its invoices being listed.

**Page 49, line 19 to Page 50, line 9:**

This testimony is relevant because it is Mr. Balderas testifying about services rendered in Galveston by third parties that had not been paid. This evidence goes to RCM's state of mind regarding their willful and wanton behavior.

**Page 60, line 6 to Page 60, line 11:**

We withdraw line 6 to line 8 and commence with line 9 and the word, "Did".

**Page 171, line 15 to Page 171 line 22:**

We withdraw this question and answer.

**Page 176, line 7 to Page 176, line 10:**

Mr. Balderas is being asked his opinion regarding why he believes he was terminated. It is opinion testimony.

**Page 176, line 17 to Page 177, line 10:**

Lines 23 and 24 are withdrawn. Mr. Balderas is being asked his opinion concerning GBSM, who he hired on behalf of RCM not being paid and his opinion about this. It is relevant.

Respectfully submitted,

**KILLEEN & ASSOCIATES, PC**

By: /s/ Robert J. Killeen, Jr.
Robert J. Killeen, Jr.
Texas Bar No. 11407000
Federal Bar No. 12343
1811 Bering Dr., Suite 120
Houston, Texas 77057
Ph: 713-626-5100
Fax: 713-626-4545
Email: rkilleen@killeen-law.com

**ATTORNEY FOR COMPLAINANT**

### CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of March 2025, that the foregoing pleading was filed with the Clerk of Court and served to all known parties by using the Court's CM/ECF system.

/s/Robert J. Killeen Jr.
Robert J. Killeen, Jr.